JOHN DUNLOP

*v.*

STATE OF ILLINOIS.

*Opinion filed May 7, 1917.*

ATTORNEY FEES—*State not liable for.* The State is not liable for fees paid to an attorney for defending a public officer charged with malfeasance in office, unless expressly authorized by the special order of the Attorney General.

ATTORNEY GENERAL—*is legal representative of the State.* The Attorney General is the legal representative of the State, and no officer, board, commission or department can legally authorize the employment of an attorney.

Weil & Bartley, for Claimant.

Edward J. Brundage, Attorney General, for State.

Claimant was a State Mining Inspector working under the direction of the State Mining Board in Peoria County. In 1913, an explosion occurred in the Crescent Coal Company mine in Peoria County, and claimant made an investigation of the disaster. He caused the arrest of a miner under the provisions of the mining laws, and in doing this incurred the enmity of certain persons, as a result of which claimant was indicted by the Grand Jury of Peoria County charging him with malfeasance in office, in that he failed to post certain notices as required by law, and failed to see that a certain entry had been sprinkled.

The President of the State Mining Board employed attorneys to defend the claimant, and after a trial, claimant was acquitted.

The Mining Board approved a bill for the services of the attorneys in defending claimant, and issued a voucher which was approved by the Department and Institution Auditor, but the State Auditor refused payment.

Afterwards claimant paid the attorneys and now asks the State to reimburse him. Claimant contends that he should be reimbursed because he was a public officer acting in behalf of the State and because of the fact that he was performing his duty, and thereby incurred the ill-feeling of others, in consequence of which he was put to the expense of defending himself on the criminal charges.

It would indeed seem to be an injustice not to reimburse this man for this expense, but at the same time, it may be argued that this was one of the risks he undertook in the performance of the; duties of his position.

Under the opinion of the Supreme Court in *Fergus* v. *Russell,* 270 Ill. 325, we must hold that the President of the Mining Board had no

authority to employ attorneys to defend claimant. It is argued that it would create a somewhat anomalous situation for the Attorney General to defend claimant in a suit where the State's Atttorney of Peoria County was prosecuting. This is undoubtedly true, and yet under similar circumstances the State has made provisions for just such a situation. In chapter 129 of the Revised Statutes, the State Military and Naval Code in section 8 of article 22, it is provided that the expense of defending a member of the militia who is prosecuted criminally for any act committed while in the performance of military duty shall be paid by the State, providing that the Attorney General should be first consulted in regard to the selection of the attorney for the defense. Unfortunately, however, for claimant, there is no such statute applicable to his case. The Attorney General is the law officer of the State, and the State can incur no expense for attorney's fees without his special order. Under the circumstances we must reject the claim. Inasmuch as there is much equity and justice in the claim, we would reject it without prejudice were it not for the further fact that from the opinion in the Fergus case, above cited, it is apparent that the Legislature would have no authority to appropriate any funds to claimant under the facts in this case.

The claim is accordingly rejected.